IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TERRY WALKER<br>Plaintiff | §<br>§<br>§ | |
| v. | § | No. 5:02-CV-3 |
| | § | LEAD CASE |
| RENT-A-CENTER, INC., et al<br>Defendant | §<br>§ | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Lead Plaintiff's Motion to Reconsider Portions of the Court's Order on Defendants' Motion to Dismiss and Motion to Coordinate Pleading Schedule. (Doc. No. 54). After considering the motion, the Response of the Originally Named Defendants and Later Added Director Defendants (Doc. No. 55), the Response of the Underwriter Defendants (Doc. No. 56), and the applicable law, the Court does not find Plaintiff's Motion to be well taken. Accordingly, the Motion is **DENIED**. If Plaintiff chooses to replead its Complaint, it shall do so within thirty (30) days of the date of entry of this Order.

### I. BACKGROUND

Terry Walker (hereinafter, "Plaintiff"), filed its Amended Consolidated Class Action Complaint on November 25, 2002. (Doc. No. 11). The Second Amended Class Complaint was filed on December 11, 2002. (Doc. No 12). The Later Added Director Defendants filed their Motion to Dismiss on February 7, 2003. (Doc. No. 18). The Underwriter Defendants filed their Motion to Dismiss on February 19, 2003 (Doc. No. 21). Oral argument was held on the Underwriter Defendant's Motion on June 26, 2003.

On September 30, 2003, the Court entered its Order on Defendants' Motions to Dismiss. (Doc. No. 52). In that Order, the Court granted without prejudice the motion to dismiss brought by 1) Defendants Rent-A-Center (hereinafter, "Defendant RAC"), J. Ernest Talley, Mitchell E. Fadel, Robert Davis, and Mark Speese (collectively referred to as "Originally Named Defendants) as well as a related motion to dismiss brought by 2) Defendants Talley and Speese (hereinafter, the "Individual Defendants"). Furthermore, the Court dismissed without prejudice motions to dismiss brought by two groups of defendants: 1) Defendants Berg, Copses, and Lentell (hereinafter, the "Later Added Director Defendants") and 2) Defendants Morgan Stanley Dean Witter Co., Bear, Stearns Co., Lehman Brothers, Holding, Inc., and Robinson Humphrey Co.'s (hereinafter, the "Underwriter Defendants"). Plaintiff was allowed to replead. The Court was clear that the Later Added Director Defendants and the Underwriter Defendants were free to renew their motions to dismiss on statute of limitations grounds upon Plaintiff's repleading.

On October 9, 2003, Plaintiff filed its Motion to Reconsider Portions of the Court's Order on Defendants' Motion to Dismiss and Motion to Coordinate Pleading Schedule. (Doc. No. 54). On October 24, 2003, the Originally Named Defendants and Later Added Director Defendants filed their Response (Doc. No. 55). On that same date, the Underwriter Defendants filed their Response (Doc. No. 56).

## II. ARGUMENTS OF THE PARTIES

A.  **Plaintiff's Arguments**

The gravamen of Plaintiff's Motion is as follows:

Plaintiff's 1933 Act claims are entirely different from their 1934 Act claims. Such claims

> do not sound in fraud, do not require a showing of scienter, are not governed by Rule 9(b)'s heightened pleading standard, and are based only upon a negligence and/or strict liability standard. The 1933 Act claims are also not derivative of Plaintiff's 1934 Act claims in any way.

(Doc. No. 54, p. 6).

> In this case, Plaintiffs specifically disavowed any allegations of fraud or intentional conduct as to their claims under Sections 11, 12 (a)(2) and 15 of the 1933 Act. *See* Compl. ¶ 151 ("For purposes of this claim, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this claim is based solely on claims of strict liability and/or negligence under the 1933 Act."). Therefore, Rule 9(b) does not apply, scienter is not required, and Plaintiffs need only meet a Rule 8 standard for pleading negligence and/or strict liability.

*Id.*, p. 8.

### B. Response of the Originally Named and Later Added Director Defendants

Defendants advance two arguments resisting reconsideration. The first argument posits that the Court could properly have found that Plaintiff's 1933 Act claims are grounded in fraud such that Rule 9 (b) applies:

> In their cause of action for the 1933 Act claims, plaintiffs expressly "repeat and reallege each and every allegation contained above is if fully set forth herein." Compl. ¶ 151, which includes their allegations of securities fraud. In the very next sentence, however, plaintiffs assert that for purposes of that claim they "expressly exclude and disclaim any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this claim is based solely on claims of strict liability and/or negligence under the 1933 Act." Compl. ¶ 151.

(Doc. No. 55, p. 3).

Furthermore, Defendants cite *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994) for the proposition that when the baseline complaint in a securities complaint sounds in fraud, allegations under the 1933 Act will be subject to the standards of Rule 9 (b). (Doc. No. 55, p. 4).

Second, Defendants cite *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 368-69

(5th Cir. 2001) for the proposition that even if a plaintiff's fraud allegations are set aside, it is not necessarily the case that a 1933 Act claim has been stated. (Doc. No. 55, p. 6). Defendants go on to declare that Plaintiff's allegations are so weak as to fail even the more lenient Rule 8 criteria.

### C. Response of the Underwriter Defendants

The crux of the Underwriter Defendants' Response is as follows:

> In their most recent filing, Plaintiffs concede that their Section 11 and 12 claims do not allege fraud. In their Response papers, the Rent-A-Center defendants argue that this concession is not conclusive as to them because the Complaint also includes a Section 10(b) fraud claim against them, and the allegations in that complaint are incorporated into the Section 11 and 12 claims. But the concession is conclusive as to the Underwriter Defendants because the Section 10 (b) fraud claim does not name them. Regardless of how Plaintiffs' claims against the Rent-A-Center Defendants are characterized, it is thus undisputed that there are no fraud claims against the Underwriter Defendants.

### III. ANALYSIS

### A. Plaintiff Urges Reconsideration of the Court's Order Respecting Claims Five and Six

In Plaintiff's Second Amended Complaint, the First, Second, and Third Claims are brought under the Exchange Act. (Doc. No. 12, p. 49, 53, 54). Plaintiff's Motion for Reconsideration does not speak to these three claims. The Fourth Claim is brought pursuant to Section 15 of the 1933 Act against the Individual Defendants. In this claim, Plaintiff advised that it would "repeat and reallege each and every allegation contained above." (*Id.*, p. 55). However, this claim offers no disclaimer of the Complaint's allegations of fraud. For this reason, Plaintiff's fraud allegations are inextricably woven into Claim Four. The Court's previous Order held that the requirements of Rule 9(b) were not met as to Plaintiff's allegations of fraud. In *Melder v.*

*Morris*, the Court was struck by the fact the plaintiff's complaint contained a "wholesale adoption" of the allegations under the securities fraud claims for the purposes of the Securities Act claims. 27 F.3d 1097, 1100 (5th Cir. 1994). For these reasons, Plaintiff's Motion to Reconsider does not address Claim Four.

By contrast, Claims Five (Sections 11 and 15 against the Later Added and Underwriter Defendants) and Six (Section 12 against the Underwriter Defendants) do contain disclaimers of fraud. It follows that these two claims are the subject of Plaintiff's Motion to Reconsider. Accordingly, Claims Five and Six will be the focus of this Order.

**B.     Rule 9(b) Applies When 1933 Securities Act Claims Are Grounded in Fraud**

As an initial matter, the Court notes that Plaintiff is mistaken in its characterization of the standard by which 1933 Act claims may be judged. In Plaintiff's view, 1933 Act claims may never be held to the standards of Rule 9. Plaintiff is incorrect.

Plaintiff maintains that there is a sharp distinction between the standards governing 1933 Act claims versus 1934 Act claims. (Doc. No. 54, p. 8) ("It is the significant divergence between the Rule 9(b) and PSLRA standards and the Rule 8 standard that causes Plaintiffs to seek reconsideration of the Court's Order."). In support of this proposition, Plaintiff lists and quotes from hallmark cases from the jurisprudence of Sections 11, 12 (a)(2), and 15 of the 1933 Act. (*Id.*, p. 6-8).

However, when 1933 Securities Act claims are grounded in fraud rather than negligence, Rule 9(b) applies. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368-69 (5th Cir. 2001) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). To repeat, in *Melder*, the Court was struck by the fact the plaintiff's complaint contained a "wholesale adoption" of the

allegations under the securities fraud claims for the purposes of the Securities Act claims. *Id.*

Plaintiff points out that it specifically disavowed any allegations of fraud or intentional conduct as to their 1933 Act claim. (Doc. No. 54, p. 8). To be sure, this disavowal means that, on at least one level, the case at bar is distinguishable from *Melder*. However, in *Schlotzsky's*, the Court explained:

> [A] district court is not required to sift through allegations of fraud in search of some 'lesser included' claim of strict liability. It may dismiss. If it does so, it should ordinarily accept a proffered amendment that either pleads with the requisite particularity or drops the defective allegations and still states a claim.

238 F.3d, at 368-69.

In other words, a plaintiff may not waive around a disavowal of its fraud allegations in order to guarantee a separate Rule 8 analysis for its non-fraud claims.

### C. Plaintiff Is Mistaken That the Court's Previous Order Did Not Address the 1933 Act Claims Against the Later Added Defendants or Underwriter Defendants

Plaintiff states, "The Order also did not rule upon Plaintiff's 1933 Act claims against either the Underwriter Defendants or the Later Added Defendants." (Doc. No. 52, p. 5). Plaintiff is incorrect. On the first page of the Order, the Court explained:

> Also before the Court are Defendants Berg, Copses, and Lentell's (the "Later Added Director Defendants") Motion to Dismiss (Dkt. No. 18) and Defendants Morgan Stanley Dean Witter Co., Bear, Stearns Co., Lehman Brothers, Holding, Inc., and Robinson Humphrey Co.'s (the "Underwriter Defendants") Motion to Dismiss. (Dkt. No. 21). These Motions are also **DISMISSED** without prejudice. In the event Plaintiff repleads, these two groups of Defendants may renew their motions on the statute of limitations arguments.

(Doc. No. 52, p. 1).

These motions to dismiss (Doc. Nos. 18 and 21) were focused on the 1933 Act claims.

Although the statute of limitations was not the lone argument advanced by these motions, this argument served as the primary line of attack. For this reason, the Court's previous Order directed that such arguments may be renewed in the future. In no sense did the Court overlook the 1933 Act claims.

At the time the Order was entered, the Court desired to entertain the statute of limitations argument after the fraud claims had been replead. The Court's wishes have not changed. Any Defendant against whom Plaintiff raises a 1933 Act claim or claims in a replead Complaint is free to respond at the appropriate time.

## IV. CONCLUSION

Plaintiff's Motion for Reconsideration proceeds on the assumption that the Court failed to address the 1933 Act claims in its Previous Order. This assumption is incorrect. At the time the previous Order was entered, as well as at the present, the Court wishes to consider Defendants' arguments regarding the 1933 Act claims at the same time it considers any replead 1934 Act claims. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED.** If Plaintiff chooses to replead its Complaint, it shall do so within thirty (30) days of the date of entry of this Order.

Signed this ___4___ day of June, 2004.

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE