UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TERRY WALKER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>RENT-A-CENTER, INC, ET AL.,<br><br>       Defendants. | : : : : : : : : : : : : : : : : : : | Case. No. 5:02cv3 (DF) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
OBJECTIONS TO AND MOTION FOR RECONSIDERATION OF MAGISTRATE
<u>JUDGE'S ORDER ON MOTIONS TO COMPEL</u>**

Plaintiffs respectfully submit this memorandum of law in opposition to Defendants' request that this Court reconsider Judge Craven's Order on their motions to compel (the "Order"). As detailed below, Defendants' renewed motion is completely improper and should therefore be denied in its entirety.

<u>**ARGUMENT**</u>

Defendants once again attempt to re-urge their Motion to Dismiss denied by this Court under the cover of two motions to compel, which were both properly denied by Judge Craven. In an attempt to defeat this Court's conclusion that Plaintiffs were correct in relying upon anonymous sources cited in the Complaint for specific propositions, Defendants seek (1) the

identity of individuals upon whom Plaintiffs relied in drafting the Third Amended Consolidated Class Action Complaint ("Complaint") and (2) documentation from Raymond "Bud" Holladay.

Relying primarily on the same case law that they put forth in their initial motions, Defendants ask that the Court overturn Judge Craven's well-reasoned decision denying those motions. Such a regurgitation of earlier arguments is an improper basis for bringing a motion for reconsideration. *See Mike v. Dymon, Inc.,* Civil Action No. 95-2405-EEO, 1997 U.S. Dist. LEXIS 285, at *3 (D.Kan. Jan. 10, 1997) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or dress up arguments that previously failed.") (citation and internal quotation marks omitted). Rather, "[m]otions to reconsider are ordinarily granted only to correct clear errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the motion." *United States Government ex rel. Houck v. Folding Carton Admin. Comm.,* 121 F.R.D. 69, 70 (N.D.Ill. 1988).

Moreover, contrary to recognized authority and the findings of Judge Craven, Defendants now seek to compel what they themselves have or had the opportunity to gain. Tellingly, Defendants severely downplay the fact that on the day before they filed the present motion, they took the oral deposition of Bud Holladay and gleaned the information they sought in the first motion to compel and intentionally avoided the information they sought in the second motion to compel. While Judge Craven's reliance upon the authority cited was proper, Defendants' own actions exemplify why Defendants' motions seek nothing more than Plaintiffs' counsel's work product. For these reasons, Defendants' motion should be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court,"—with certain exceptions that are not applicable to the present motion. Further, "a judge of the court may reconsider any pretrial

matter under this subparagraph (A) where it has been shown that the magistrate judge's order is *clearly erroneous or contrary to law.*" *Id.* (emphasis added).  Defendants cannot show that any part of Judge Craven's decision was "clearly erroneous or contrary to law."

On December 12, 2005, Defendants filed a motion requesting that the Court compel Plaintiffs to disclose the identities of their confidential sources.  *See* Defendants' [First] Motion to Compel Discovery and Request for Oral Hearing (Dkt. No. 124).  In opposing that motion, Plaintiffs argued that the information Defendants sought was work product and that Defendants could not make the necessary showing of "substantial need" and "undue hardship" to overcome the protection, as provided by Rule 26(b)(3) of the Federal Rules of Civil Procedure.  Additionally, Plaintiffs expressed their belief that such disclosure would contravene the policy, expressed by numerous courts, of protecting corporate whistleblowers from retribution.

As Judge Craven noted, Plaintiffs "have listed 144 current or former RAC employees or representatives in their initial disclosures and suggest their anonymous source(s) are among this list."  Order at 20.  Relying upon *In re Ashworth, Inc. Securities Litigation*, 213 F.R.D. 385 (S.D. Cal. 2002), *In re MTI Technology Corp. Securities Litigation. II*, Case No. SACV 00-0745 DOC (ANx), 2002 U.S. Dist. LEXIS 13015 (C.D. Cal. June 14, 2002) and *Electronic Data Systems Corp. v. Steingraber*, 2003 WL 21653405 (E.D. Tex. 2003), Judge Craven correctly determined that the identification of witnesses linked to specific factual contentions in the complaint "'-would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future factual statements by the witnesses with Plaintiffs' counsel's legal theories and conclusions as outlined in the complaint.'"  Order at 19 (quoting, *MTI*, 2002 U.S. Dist. LEXIS 13015, at *12.)  As such, "[a]llowing Defendants to discover Plaintiffs' decision as to the anonymous sources Plaintiff

relied upon in their complaint would yield 'significant insights' into Plaintiffs' counsel's mental impressions." Order at 19. Recognizing that there is a split of authority on this issue, Judge Craven elected to rely on the more well-reasoned decisions in *Ashworth* and *MTI* and *EDS* (a case from this District) rather than the authorities cited by Defendants. Judge Craven fully supported her reasoning in a comprehensive opinion, addressing both parties' authorities and explaining why the cases relied on by Plaintiffs, particularly *Ashworth* and *MTI*, were on point and persuasive.[1]

Now, eschewing the proper purpose of a motion for reconsideration, Defendants do nothing more than rehash the same unconvincing arguments that they put forth initially. Defendants had ample opportunity to present their case to the Court during the first round of briefing. That Judge Craven was, rightly, unpersuaded by their arguments patently does *not* render her findings "clearly erroneous or contrary to law".

Plaintiffs agree that the identity of witnesses "likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information" is required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A). Plaintiffs have done so, and Defendants have not objected to any deficiency in those disclosures. Defendants, however, want that additional link of which witnesses Plaintiffs may view as most important. This is clearly work product, and Judge Craven correctly agreed. As Judge Davis stated in *EDS*, 2003 WL 21653405, at *2, "[t]he Court finds that revealing the identity of witnesses interviewed would permit opposing counsel to infer which witnesses

---

[1] Notably, Defendants themselves concede that *MTI* is on point, but argue instead that "the court in that case reached the wrong result." Defs.' Motion at 11. Defendants thus ask that this Court not only reject Judge Craven's ruling, but that it likewise disregard the *MTI* court's well-reasoned opinion.

counsel considers important, thus, revealing mental impressions and trial strategy. Such evaluations and strategies are at the heart of the work product rule."

Finding that the information sought was work product, Judge Craven next determined that there is "no evidence Defendants would be precluded from contacting and interviewing the individuals without having to utilize formal discovery methods." Order at 20. Indeed, the Court continued, "Defendants would not have to depose all 144 individuals listed to ascertain the identities of the anonymous source(s)."

Defendants argue that they have met the threshold "for demonstrating need and undue hardship that should require the material to be provided." Defs.' Motion at 14. However, Defendants' motion is void of any evidence demonstrating there exists any barrier to their contact with the listed potential persons with knowledge. Defendants have, through their own efforts, successfully identified Plaintiffs' primary confidential source, Bud Holladay. Thus, Defendants' contention that they need the information requested in their motions to compel because "there is no alternative means for discovering this information" (Defs.' Motion at 14), is both baseless and disingenuous. Defendants' only motive in pressing Plaintiffs to disclose their work product is to harass Plaintiffs' counsel and the confidential informants.

During the deposition held on May 1, 2006, Mr. Holladay admitted to talking with Plaintiffs' counsel and providing information to them. *See* Holladay Deposition, attached hereto as Exhibit A, pp. 18-22. In fact, Defendants showed the Complaint to Mr. Holladay, had him read certain paragraphs, and affirm whether he provided the information therein. Defendants were able to specifically question Mr. Holladay as to the Complaint and the following allegations:

5

| Paragraph In Complaint | Deposition Page and Line Number |
|---|---|
| Introduction | p. 22 (8-11) |
| Plaintiffs' investigation | p. 22 (12-25) – 26 (1-4) Q.  Right, it says, "Plaintiffs' investigation . . . . Would you assume that you are one of those persons?"  A.  I would assume that; yeah.  Uh-huh. |
| Paragraph 13 | p. 26 (14-25) – 27 (1-16) |
| Paragraph 29 | p. 28 (16-25) – 45 (1-18) |
| Paragraph 30 | p. 45 (19-25) –51 (1-16) |
| Paragraph 31 | p. 51 (17-25) – 63 (1-14) |
| Paragraph 32 | p. 63 (15-25) – 67 (1-4) |
| Paragraph 37 | p. 63 (5-25) – 74 (1-7) |
| Unidentified Paragraph | p. 74 (8-25) – 86 (1-11) |
| Paragraph 41 | p. 86 (12-25) – 89 (1) |
| Paragraph 62 | p. 89 (2-25) – 94 (1-13) |
| Paragraph 111 | p. 98 (1-25) – 103 (1-5) |
| Paragraph 123 | p. 103 (6-25) – 105 (1-13) |
| Paragraph 124 | p. 105 (14-25)- 107 (1-11) |

Indeed, approximately 81 of the first 107 pages of the deposition were devoted to testimony provided by Mr. Holladay concerning quotes in the Complaint and his affirmation of the events alleged. Defendants' assertion that they are being deprived of evidence is baseless, and Judge Craven's ruling should be upheld.

Judge Craven's ruling regarding Defendants' Second Motion to Compel should also be upheld.  Defendants sought more than mere documents that Mr. Holladay may have provided to Plaintiffs or that might be in his possession.  Despite Defendants' vague assertions to the contrary, the request clearly sought notes, memoranda, calendars, diaries and other matters of Plaintiffs' counsel regarding communications with Mr. Holladay.  Once again trying to gain the identity of Plaintiffs' anonymous sources, Defendants sought documents exchanged between Plaintiffs and their confidential sources, which clearly fall into the work product category. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("the selection and compilation of documents by counsel" fell within "the highly-protected category of opinion work product"); *see also Greer*

6

*v. Lowes Home Ctrs., Inc.*, Civil Action No. 05-0322, 2006 U.S. Dist. LEXIS 5405, at *9-10 (W.D. La. Jan. 26, 2006) (denying defendant's motion to compel witness statements that plaintiff acquired from present and former employees of defendant prior to litigation; "[s]ince the witnesses are available for deposition, Defendant is to first depose the witnesses"); *High Tech Commc'ns, Inc. v. Panasonic Co.*, Civil Action No. 94-1477 Section "R," 1995 U.S. Dist. LEXIS 2547, at *9 (E.D. La. Feb. 24, 1995) (refusing to compel plaintiff to produce statements of witness interviews, which defendant wished to review "to determine if any of the individuals interviewed by plaintiff made statements adverse to plaintiff's claims," where defendant could not demonstrate substantial need or undue hardship because it could "prepare adequately for trial by deposing any of the individuals that were interviewed by the plaintiff"); *Motley v. CBS, Inc.*, 94 F.R.D. 733, 735 (N.D. Ind. 1982) (denying defendant's motion to compel plaintiffs to produce videotape or transcript of interview of non-party conducted by plaintiffs' counsel). The information sought from Plaintiffs' counsel is clearly work product, and Judge Craven was correct in her determination.

## CONCLUSION

For the above stated reasons, Plaintiffs pray that this Court deny Defendants' Objections To And Motion For Reconsideration of Magistrate Judge's Order On Motions To Compel and grant Plaintiffs all additional relief to which they may be entitled.

Dated: May 26, 2006

Respectfully submitted,

**PATTON, ROBERTS, McWILLIAMS, & CAPSHAW, L.L.P.**

By:\_\_/s/ Sean F. Rommel_____
George L. McWilliams
State Bar No. 13877000
Richard A. Adams
State Bar No. 00786956
Sean F. Rommel
State Bar No. 24011612
2900 St. Michael Drive, Suite 400
Texarkana, Texas 75503
(903) 334-7000
(903) 334-7007 (facsimile)

**LIAISION COUNSEL FOR THE CLASS**


**NIX, PATTERSON & ROACH, L.L.P.**
Bradley E. Beckworth
Jeffrey J. Angelovich
205 Linda Drive
Daingerfield, Texas 75638
(903) 645-7333 (ext. 221)
(903) 645-4415 (fax)

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
Brian C. Kerr
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300
(212) 868-1229 (facsimile)


**CO-LEAD COUNSEL FOR THE CLASS**

8

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 26th day of May, 2006, a true and correct copy of the foregoing document was served electronically on all counsel who are deemed to have consented to electronic service.

                                    /s/ Sean F. Rommel
                                    Sean F. Rommel