IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TERRY WALKER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 5:02-CV-3-DF |
| | § | |
| RENT-A-CENTER, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO REQUIRE PLAINTIFF TO COMPLY WITH COURT'S ORDER COMPELLING PRODUCTION

Defendants Rent-A-Center, Inc.; Michael Craig Talley, Mark Andrew Talley, and Matthew Talley, as Independent Co-Executors of the Estate of J. Ernest Talley; Mitchell E. Fadel; Robert D. Davis; and Mark E. Speese reply to Plaintiff's Sealed Response to Defendants' Motion to Require Plaintiff to Comply With Court's Order Compelling Production ("Response").

### INTRODUCTION

Plaintiff's Response does not refute a single point in Defendants' Motion to Require Plaintiff to Comply with Court's Order Compelling Production ("Motion").  Plaintiff does not dispute that the Court's prior Order required full production of her account statements.  Plaintiff does not dispute that documents in the possession of her broker are within her possession, custody, or control.  Nor does plaintiff dispute that she unilaterally selected only certain pages and then redacted extensive amounts of information from the account statements that she was ordered to produce.

Plaintiff's sole argument boils down to her purported belief that she has provided information already that is sufficient to establish her claim.  Remarkably, she contends that, based on her subjective belief, she should not have to produce any additional documents,

regardless of their relevance or this Court's order.   Defendants are aware of no case that authorizes a party to refuse to produce relevant documents on these grounds.   If that were the law, parties could produce only documents helpful to their claims, and then withhold inconsistent documents on the theory that the documents already produced establish the producing parties' claims and therefore the requesting party is not entitled to additional documents.

ARGUMENT AND AUTHORITIES

## I.      Plaintiff Cannot Deprive Defendants of Indisputably Relevant Documents Merely Because She Believes She Has Produced Enough Documents

The primary argument plaintiff makes to justify her refusal to provide the documents ordered by the Court is that the documents she has already provided are sufficient to establish that she purchased her Rent-A-Center shares in the public offering, rather than on the open market.   Therefore, plaintiff contends, defendants are not entitled to other documents, no matter how relevant to the issue.   This argument is wholly without foundation in the Federal Rules or the case law, and it is not supported by the "evidence" plaintiff cites either.

Defendants are entitled to discovery of "*any* matter, not privileged, that is relevant to the claim or defense of any party. . . ."   Fed. R. Civ. P. 26(b)(1) (emphasis added).   There is no question plaintiff's account statements meet this standard -- the Court has already said so in its Order.   And plaintiff does not contest the point.   There is nothing in the Federal Rules that permits a party to refuse to produce relevant documents she has been ordered to produce merely because the party claims she has already produced enough documents that she believes are necessary to prove her point.   Plaintiff offers no case that would support such a theory.

Of course, a party may ask the Court to excuse it from production through, for example, a motion for protective order or opposition to a motion to compel.   But plaintiff has already made this request, and the Court denied it.   In response to defendants' motion to compel that resulted

in the order at issue here, plaintiff asked the Court to uphold her objections to producing her account statements and a number of other documents on grounds of financial privacy.  The Court balanced the interests of the parties and ordered plaintiff to produce her account statements.  She did not appeal that ruling to the district court.  Rather, she simply refused to comply with it.[1]

Moreover, even if, contrary to the fundamental premises of the Federal Rules, a party could refuse discovery based on this misguided theory, the "evidence" that plaintiff relies on here is insufficient to knock down the strawman that plaintiff erects for herself.  Plaintiff primarily relies on a trade confirmation sheet with the unexplained notation "prospectus" on it -- a document that plaintiff concedes was available when the Court issued its order that the documents at issue be produced in the first place.  *See* Response at 2 n.1 (citing exhibit to brief filed on June 8, 2006).[2]  Plaintiff additionally cites to two pages of documents newly produced by Morgan Stanley as documents that "eliminate[] any shred of reasonable doubt that might have existed" as to whether plaintiff purchased her shares in the offering.  Response at 2.  As an initial matter, these documents are unauthenticated and thus cannot be considered as evidence.  *See* Fed. R. Evid. 901.  More fundamentally, however, it is not at all clear what these documents

---

[1] Attempting to reargue the motion she lost, plaintiff attaches deposition testimony that allegedly demonstrates "her concern over financial privacy."  Response at 5.  In the attached excerpts, however, plaintiff's counsel repeatedly suggested to plaintiff that the Confidentiality Order in place would protect her privacy, and plaintiff herself repeatedly agreed.  *See* Response at Ex. C, Bergbower Dep. at 32:15-18, 33:16-19.

[2] This document was "produced" to defendants not in response to their discovery requests, but instead as an exhibit to plaintiff's response to defendants' partial motion for summary judgment.  Plaintiff's refusal to produce this particular document, among others, followed by her effort to ambush defendants with it in opposing summary judgment, is the origin of the motion to compel that resulted in the Order at issue here.  *See* Dkt. No. 165, Preliminary Reply to Response to Motion for Partial Summary Judgment on 1933 Act Claims, at 2 (stating that, in light of plaintiff's surprise production of documents she previously refused to produce, defendants were concurrently filing a motion to compel).  Understandably, then, defendants are skeptical of plaintiff's argument that defendants should simply trust that plaintiff has produced all the relevant documents that defendants might need to see.

mean with respect to plaintiff's purchase of shares.  Plaintiff argues merely that they reference a "prospectus," which plaintiff asserts "is consistent with" the use of that word on the trade confirmation, and that the trade date and settlement date match the trade confirmation.  *See* Response at 2-3 & n.2.  How these details, even if in admissible form, demonstrate that her purchase was necessarily part of the public offering is a mystery the Response leaves unsolved.

## II.   Plaintiff Mischaracterizes Her Redactions and Omissions

Unable to justify her unilateral decision to refuse to produce a number of pages clearly called for by the Court's Order, plaintiff resorts to mischaracterizing the omitted and redacted pages to try to minimize her non-compliance.  Plaintiff asserts that "[a]side from personal identification information, Ms. Bergbower redacted information concerning her investments in mutual funds and bonds, which has no bearing on whether she participated in a stock offering or any other issue in this case."  Response at 5.

The very documents plaintiff produced demonstrate this statement is simply untrue.  Plaintiff redacted and omitted information directly relevant to her stock purchases, not merely mutual funds and bonds, including information that would show whether or not she paid a commission on those purchases.  For example, as defendants previously explained, the "Daily Activity Recap" section of plaintiff's statements shows the stocks purchased in a particular month, on what date, and at what price.  Plaintiff produced documents for May 2001 that show this information.  *See* Motion at 8 (citing BERG 0021-0024).  Yet, ***plaintiff has omitted this section of her account statements for every other month of 2001***.  Thus, for every month other than May, plaintiff has omitted the information that would show what stocks were purchased that month, at what price, and when they were purchased – information necessary to compare those transactions to the May 2001 Rent-A-Center stock purchase, as authorized by the Court.  This is

not "speculation and innuendo."   Response at 5-6.   It is evidence obtained from the very documents plaintiff has produced of deliberately omitted, highly relevant information.[3]

Moreover, plaintiff admits she produced nothing at all from January and February 2001. In a footnote, she explains that she believed she did not have to produce her account statements from those months because it was a joint account with her husband, and under plaintiff's disingenuous reading of the Court's order, it was not "her" account until after her husband passed away.   *See* Response at 6 n.5.   But, plaintiff does not dispute the account was in "her" name as well as her husband's during those months.[4]   And under the Federal Rules, "her" documents are documents that are in "her" "possession, custody or control."   *See* Fed. R. Civ. P. 34(a).   Nor does plaintiff explain why transactions that occurred when her husband was alive would be less likely to have relevant information about whether she purchased shares on the open market or in a public offering.   There is simply no basis for refusing to produce these statements.

### CONCLUSION

Defendants request that the Court reject plaintiff's defiance of the Court's Order and discovery gamesmanship and again order plaintiff to produce complete, unredacted copies of her brokerage account statements for each month of the year 2001.

---

[3] Notably, this evidence is substantially more concrete than the idle speculation upon which plaintiff's own motion to compel for alleged failure to preserve relevant documents is founded. Plaintiff's motion provides not a single shred of evidence for her contention that relevant documents that existed at one time have not been preserved or have been destroyed, other than her uninformed opinion that there "must" be more documents of particular types.   Indeed, plaintiff has refused to take depositions that would shed light on plaintiff's theories, for fear of what those depositions would reveal.

[4] Plaintiff cites deposition testimony attempting to minimize her involvement in the account when her husband managed it.   But, on the very same page, she disagreed when defendants' counsel asked if it was "fair to say then your husbands handled the investment prior to their passing away."   Response at Ex. C, Bergbower Dep. at 27:2-5.

Respectfully submitted,


/s/ *Anne M. Rodgers*
Frank G. Jones
State Bar No. 10883000
Anne M. Rodgers
State Bar No. 17133025
Darryl W. Anderson
State Bar No. 24008694
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77002

Nicholas H. Patton
State Bar No. 15631000
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas  75505-5398

ATTORNEYS FOR DEFENDANTS RENT-A-
CENTER, INC.; MICHAEL CRAIG TALLEY,
MARK ANDREW TALLEY, and MATTHEW
TALLEY, AS INDEPENDENT CO-EXECUTORS
OF THE ESTATE OF J. ERNEST TALLEY;
MITCHELL E. FADEL; ROBERT D. DAVIS;
MARK E. SPEESE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy by U.S. First Class Mail this 8th day of May 2007.

           /s/ ***Anne M. Rodgers***      
           Anne M. Rodgers